# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| MATEEM HUDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )   No. 19-1069-JDT-cgc |
| | ) |
| CORECIVIC, ET AL., | ) |
| | ) |
| Defendants. | ) |

### ORDER DENYING ALL PENDING MOTIONS, AND
### CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

The *pro se* prisoner Plaintiff, Mateem Hudson, filed this action pursuant to 42 U.S.C. § 1983 on April 4, 2019. Thereafter, the Court dismissed portions of the complaint but directed that process be issued and served on Defendant Amy Fish, an officer at the Whiteville Correctional Facility (WCF). On January 28, 2020, the summons issued for Defendant Fish was returned unexecuted by the U.S. Marshal. (ECF No. 9.) The Marshal noted on the return that the WCF Warden's office advised that no one by that name was employed at the facility. (*Id.* at PageID 47, 49.) The Court subsequently allowed Hudson thirty days to provide the Court with more information about Defendant Fish's identity. (ECF No. 10.) Hudson was warned that failure to do so could result in the dismissal of his claims against Fish without further notice. (*Id.*)

When Hudson did not respond to the order to provide additional information about Fish, the Court issued an order on March 27, 2020, denying his pending motion to amend the complaint and dismissing the case without prejudice. (ECF No. 11.) Judgment was entered on March 30, 2020. (ECF No. 12.)

Hudson has since filed several motions. On May 26, 2020, he filed a motion to "reverse" the order of dismissal, which the Court construes as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 14.) Also on May 26th, Hudson filed a motion titled "Motion Issuance of Subpoenas to Pro Se Parties Pursuant to LR 45.01," (ECF No. 13), which the Court surmises is intended as a motion to re-issue process for Defendant Fish.[1] On July 6, 2020, Hudson filed a motion to amend his motion for relief from judgment. (ECF No. 17.) Lastly, on September 25, 2020, he filed a motion to amend the complaint. (ECF No. 18.)

Pursuant to Rule 60(b), the Court is authorized to grant relief "from a final judgment, order, or proceeding" for any of five specified reasons, one of which is "mistake, inadvertence, surprise, or excusable neglect" and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). However, "[r]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). It is not intended to allow relief from judgment merely because Plaintiff is unhappy with the outcome. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Hudson asserts that his failure to respond to the Court's February 12, 2020, order constitutes excusable neglect. (ECF No. 13 at PageID 59.) He contends he was unable to respond promptly to the Court's order to provide additional information about Defendant Fish because the WCF was on lockdown due to COVID-19, which prevented him from using the law library prior to the dismissal of the case. (ECF No. 14 at PageID 64-65.)

---

[1] On June 5, 2020, Hudson filed duplicate copies of both motions. (ECF Nos. 15 & 16.)

Even if Hudson's failure to respond promptly to the Court's order amounted to excusable neglect, he still has provided no further information about Fish that would enable the Marshal to serve her with process. Instead, in his motion to re-issue process, Hudson blames the Clerk and the Marshal for the lack of service. (ECF No. 13 at PageID 58-59.) It is not the duty of the Clerk or the Marshal, however, to verify the identity of the person Hudson is attempting to sue.

Once a plaintiff provides reasonable information about a defendant's identity and whereabouts, it is the responsibility of the Court to ensure that process is served, if possible. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). However, "the Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service." *Pemberton v. Patton*, 673 F. App'x 860, 863-64 (10th Cir. 2016). In this case, once the Marshal was advised that no person named Amy Fish worked at the WCF, it fell to Hudson provide more information about her. Despite his motions for relief from the judgment, he has made no attempt to do so.

Hudson's motions for relief from judgment and to re-issue process are DENIED. (ECF Nos. 13, 14, 15, 16 & 17.) Because this case remains dismissed, the motion to amend the complaint also is DENIED. (ECF No. 18.)

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), it is CERTIFIED that an appeal of this order by Hudson would not be taken in good faith.
IT IS SO ORDERED.

      s/ **James D. Todd**
      JAMES D. TODD
      UNITED STATES DISTRICT JUDGE